HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW DOUGLAS ROSS,

    Plaintiff,

    v.

GORDON R. ENGLAND, Secretary of the United States Navy,

    Defendant.

Case No. C04-5320

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Summary Judgment.

Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff, Andrew Ross, a civilian employee of the Department of the Navy working at the Fleet Industrial Supply Center (FISC), Puget Sound, in Bremerton, Washington,[1] has sued the Navy alleging that he was discriminated against on the basis of race (African American) and age (55) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Defendant has moved for summary judgment on the grounds that plaintiff cannot make a showing of a *prima facie* case of discrimination, and alternatively, that even if he has made a *prima facie* case, he cannot

---

[1] The defendant in their opening brief indicates that the plaintiff is no longer employed at FISC, Puget Sound. He was terminated in May, 2004 for reasons unrelated to this litigation. Mr. Ross is administratively appealing his termination.

ORDER
Page - 1

demonstrate that the defendant's proffered legitimate business reason is pretextual.  For the reasons stated herein, defendant's motion shall be granted.

## BACKGROUND[2]

Mr. Ross was a contract specialist at the FISC, Puget Sound.  The FISC is a subordinate command of the Naval Supply System Command ("NAVSUP").  His immediate supervisor was Michael Evonick, Division Director, and John Bell was the Executive Director of the FISC, Puget Sound.  Between June 12, 2000 and July 31, 2000 the FISC, Puget Sound posted a solicitation for employees to apply for a Corporate Management Development Program ("CMDP").  This program is managed out of NAVSUP Headquarters in Mechanicsburg, Pennsylvania and is used by the Department of the Navy to identify and develop NAVSUP employees for management positions.  Of the over 4,000 NAVSUP civilian employees eligible to apply nationwide, only 59 applications were received for the program in this cycle.

The plaintiff, together with nine other employees of the FISC, Puget Sound, submitted an application for the CMDP.  The application packets asked for information about the applicant's educational background, prior work history, award information and supervisory recommendations.  The applicants were instructed to also address specific ratings factors and to explain how their skills matched those factors.  The ratings factors are (1) knowledge of and skill in applying principles of change management; (2) ability to provide world class service to both internal and external customers; (3) knowledge and skill in applying the principles of project management; (4) ability to communicate orally and in writing; and (5) ability to apply information technology skills to accomplish work assignments.

The applications were initially reviewed locally by Mr. Evonick, Ms. Kim Churchill, Assistant Counsel, and Mr. Keith Button, Supply Management Officer/Deputy Director of Industrial Support Department.  After the initial review and ratings, the applications were forwarded to Mr. John Bell who further reviewed them to insure that all of the rules of review were followed.  Because there were no quotas as to the number of applicants from each region of the country under NAVSUP Command, Mr. Bell forwarded all the applications to headquarters.  He did not rank the applicants locally, he merely sent the applicants' packets to NAVSUP Headquarters in alphabetical order.

---

[2]This recitation of background facts comes totally from the defendant's brief, exhibits, and declarations.  Plaintiff has not challenged these facts in any manner and has not come forward, by way of declarations or otherwise, to contradict the basic facts as stated herein.

ORDER
Page - 2

NAVSUP Command convened a Civilian Executive Advisory Board ("CEAB") to review and rate the applications. The CEAB consisted of thirteen high level management representatives from subordinate commands. The 59 applications were divided amongst the CEAB members to review and rate. The application packets were stripped of information regarding the race and/or specific age of the applicant. Plaintiff's application was reviewed by Ms. Margareta Moczynski, Executive Director, FISC, Jacksonville, Florida. Of the seven applications Ms. Moczynski reviewed, she rated the plaintiff's as the lowest. After the CEAB members individually reviewed their assigned applications, the CEAB members met in Mechanicsburg at NAVSUP Headquarters to rank all the applicants. Due to illness, Ms. Moczynski did not attend this meeting. Of the 59 applicants, 50 were selected to participate in the CMDP. Included in the 50 were eight African Americans, and approximately 34 individuals in the protected age category. Of the nine individuals not selected, seven were white and two were under the age of forty.

## AUTHORITY

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. A "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

In order to establish a *prima facie* case of discrimination under *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), plaintiff must show that (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was seeking; (3) he was rejected despite his qualifications; and (4) the employer filled the

position with an employee not of plaintiff's protected class. *See McDonnell Douglas*, 411 U.S. at 802. If plaintiff established a *prima facie* case, then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory business reason for its decision. *Id*. If the employer meets this burden, then the plaintiff must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's reason is merely a pretext for discrimination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000). "The plaintiff may show pretext either (1) by showing that unlawful discrimination more likely motivated the employer, or (2) by showing that the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable." *Dominquez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005). "Ultimately, the plaintiff's burden is to 'produce some evidence suggesting that [the defendant's] failure to promote [him] was due in part or whole to discriminatory intent.'" *Id*. (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir. 2004)).

The defendant argues that plaintiff has failed to establish a *prima facie* case. The Court agrees that plaintiff has not established a *prima facie* case because he has not disputed that other protected class members (eight African-Americans and 34 age protected individuals) were selected for the CMDP. Even if he has established a *prima facie* case (because, e.g., other non-protected individuals were selected and he was not), plaintiff has not come forward with any evidence that "unlawful discrimination more likely motivated the employer", *Dominquez-Curry*, 424 F.3d at 1036, or "that the employer's proffered explanation is unworthy of credence.. . ." *Id*.

Plaintiff argues that he met Ms. Diane Townsend, the Chair of the CEAB at some previous function on an unknown date, and by inference she had to have remembered him and thus known he was African-American and in the protected age category. He also argues that Ms. Moczynski was able to guess as to his age based upon his application which set forth his education and years of experience. Taking those facts in the light most favorable to the plaintiff, he still does not present any evidence of racial animus or age discrimination. Merely because two individuals who had a role in the decision-making process <u>may</u> have known the plaintiff's race and general age does not meet his burden to show that the decision not to select him for the CMDP was pretextual. Furthermore, the mere fact that the selection process was subjective does not turn an otherwise discrimination free decision into one that is tainted with racial animus or age discrimination. *See Cassillas v. United States Navy*, 735 F.2d 338, 345 (9th Cir. 1984).

1   In this case it is undisputed that the raters were not informed of plaintiff's race or age.  Ms. Moczynski
2   did not know Mr. Ross and did not know his race or specific age.  In short, plaintiff has failed in his burden
3   to "produce some evidence suggesting that [the Navy's] failure to [select] [him] was due in part or whole to
4   discriminatory intent." *McGinest*, 360 F.3d at 1123.  Therefore it is hereby

5   **ORDERED** that Defendant's Motion for Summary Judgment [Dkt. #17] is **GRANTED**.  This case
6   is **DISMISSED**.

7   The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
8   pro se.

9   Dated this 18th day of November, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE